UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO. 94-14098-CR-DIMITROULEAS

    Plaintiff,

vs.

ERWIN R. STRAUGHTER,

    Defendant.
_____/

### **O R D E R**

THIS CAUSE is before the Court on Defendant's pro se March 1, 2008[1] Motion For Modification of Sentence (18 U.S.C. § 3583(c)(2)) [DE-160], and the Court has reviewed the Court file and Pre-Sentence Investigation Report (PSIR) and finds as follows:

    1. On December 1, 1994, the Defendant was indicted on five (5) counts and charged with Conspiracy to Distribute Crack Cocaine, two counts of Distribution of Crack Cocaine, one count of Possession with Intent to Distribute Crack Cocaine and one count of employing a minor. [DE-4].

    2. On April 27, 1995, the Defendant was found guilty on all four counts (Count IV (Minor) was an acquittal). [DE-90].

    3. On February 22, 1996, Straughter was sentenced to Life in Prison, the high end of the guidelines range, [DE-134]. The Pre-Sentence Investigation Report held Straughter accountable for 131.5 grams of crack cocaine, which would have resulted in a Base Level Offense of 32. However, Straughter qualified as a Career Offender, which enhanced his Base Level Offense to a

---

[1] Filed on March 13, 2008.

1

Level 37, with a criminal category VI (Straughter had 18 criminal history points which also would have equated out to a Category VI) for a range of 360 months-Life.  Judge Moore imposed a sentence at the high end of the guidelinse range.

4.  On May 6, 1997, the Eleventh Circuit Court of appeals affirmed. [DE-155].  U.S. v. Leonard, 116 F. 3d 492 (11th Cir. 1997).  On October 6, 1997, the United States Supreme Court denied certiorari.  Leonard v. U.S., 118 S. Ct. 216 (1997).  On April 2, 1998, the Defendant filed a Motion to Vacate.  After a report and recommendation [DE-17 in 98-14106CV], it was denied on June 17, 1999. [DE-19 in 98-14106 CV]. The Eleventh Circuit Court of Appeals affirmed on June 28, 2000. [DE-28 in 98-14106CV].  U.S. v. Straughter, 221 F. 3d 1356 (11th Cir. 2000).  On March 13, 2008, the Clerk re-assigned this case to the undersigned.

5.  In this Motion For Reduction of Sentence, Straughter contends[2] that he should get the benefit of the Sentencing Guidelines Commission's recent reduction in the scoring of crack cocaine.  Under the recent amendments, Straughter's base level offense for 131.5 grams of crack cocaine would have been reduced to Level 30.  However, Cleveland's career offender status would still have resulted in the original Base Level of 37.  U.S.S.G. 4B1.1(b)(A).  The change in the guidelines only reduced the Offense Level, it does not affect the statutory maximum, which governs the Career Offender calculation.  Therefore, any change in the guidelines does not affect Straughter's guidelines computations.  See U.S. v. Armstrong, 347 F. 3d 905, 907 (11th Cir. 2003).  No evidentiary hearing is necessary.

6.  Finally, even if this amendment were applicable to Straughter, the Court has considered

---

[2]Straughter also complains about other aspects of his convictions and sentence that are not cognizable under 18 U.S.C. § 3582(c)(2).

the PSIR and the factors in 18 U.S.C. § 3553(a) and would still find a sentence of Life to be reasonable and sufficient.  U.S.S.G.. 1B1.10(b).

Wherefore, Straughter's Motion for Reduction of Sentence [DE-160] is Denied.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of March, 2008.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Erwin R. Straughter, #51330-004
c/o FCC
P.O. Box 1032
Coleman, Florida 33521

Robert Waters, AUSA
Anne Schultz, AUSA